Filed 5/5/23 In re R.Z. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re R.Z., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E080360 |
| Plaintiff and Respondent, | (Super.Ct.No. J286515) |
| v. | OPINION |
| D.G. et al., | |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County. Steven A. Mapes, Judge. Affirmed.

Amy Z. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant D.G.

Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant V.Z.

Tom Bunton, County Counsel, Kaleigh Ragon, Deputy County Counsel for Plaintiff and Respondent.

The juvenile court terminated the parental rights of defendants and appellants V.Z. (Mother) and D.G. (Father) to their daughter, R.Z. (Minor).[1,2] Father contends there is an Indian Child Welfare Act (ICWA) error because the record does not indicate what, if any, information San Bernardino County Children and Family Services (the Department) shared with the Blackfeet Tribe when inquiring about Minor's possible Indian ancestry. Mother joins in Father's contention. We affirm the order.

## FACTS

The Department asked a friend of Father's family (Friend) whether Father had Native American ancestry. Friend then asked Minor's paternal aunt (Aunt) whether Father had Native American ancestry. Friend relayed to the Department that Aunt said, " ' "I think so, because [Father's] grandfather . . . was almost 100% Blackfoot. He was born in Alabama. His great-grandfather . . . was (almost) 100% Blackfoot. His wife . . . was French and had No Native American Indian [*sic*] ancestry." ' "

The Department contacted Aunt directly and she "provided dates of birth and the birth place [*sic*] for her father and the paternal great-grandfather, however [Aunt] was unable to provide documentation or confirm . . . Native American Ancestry."

---

[1] The juvenile court found Father is Minor's biological father.

[2] Minor has a half brother who is not part of this appeal.

On September 29, 2022, the Department telephoned the Blackfeet Tribe[3] and was informed that the Tribe required requests for membership information to be in writing. The Department sent the Tribe an email and "a certified letter inquiring as to tribal affiliation." The certified letter was sent on October 3, 2022 "to The Blackfeet Indian Reservation of Montana." Neither the Department's email nor letter to the Blackfeet Tribe was part of the original record in this case. The October 3, 2022, letter was added to the record after opening briefs were filed. In the letter, the Department provided the names of Minor, Father, Aunt, Father's father, and Father's grandfather. The Department also provided the birthdates for the foregoing people with the exception of Father's grandfather.

By November 14, 2022, the Department had not received a response from the Blackfeet Tribe. On December 9, 2022, the Department social worker "telephoned the Blackfeet Tribe in Montana to inquire about enrollment/eligibility . . . . The first phone number led to an answering machine, whose mailbox was full. The second number rang many times with no answer and no mailbox/voicemail option. The [Department] has not received any mail from the Blackfeet tribe." On December 13, 2022, the juvenile court terminated Mother's and Father's parental rights to Minor.

---

[3] Aunt claimed Blackfoot heritage, but the Department contacted the Blackfeet Tribe. We note that "there is frequently confusion between the Blackfeet tribe, which is federally recognized, and the related Blackfoot tribe which is found in Canada and thus not entitled to notice of dependency proceedings. When Blackfoot heritage is claimed, part of the [a]gency's duty of inquiry is to clarify whether the parent is actually claiming Blackfoot or Blackfeet heritage so that it can discharge its additional duty to notice the relevant tribes." (*In re L.S.* (2014) 230 Cal.App.4th 1183, 1198.)

## DISCUSSION

Father and Mother contend, "The silent record with respect to information that should have been provided to the tribe . . . necessitates conditional reversal of the order terminating parental rights." After Father's and Mother's appellant's opening briefs were filed, the Department moved to augment the record with the previously omitted October 3, 2022, letter that the Department sent to the Blackfeet Tribe inquiring about Minor's alleged Indian ancestry. This court granted the motion. Subsequently, Father and Mother sent this court letters explaining that, upon reviewing the augmented record, they would not be filing reply briefs. Given that the record is no longer silent on the information the Department provided to the Blackfeet Tribe, we will affirm the order terminating parental rights.

## DISPOSITION

The order terminating parental rights is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                        J.

We concur:

McKINSTER _____
                Acting P. J.

MENETREZ _____
                J.

4